UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Michael Kopacz

    v.                                                            Civil No. 24-cv-403-SE
                                                                                  Opinion No. 2026 DNH 019

Frank Bisignano,[1] Commissioner of
the Social Security Administration

O R D E R

      Michael Kopacz, proceeding pro se, challenges the partial denial of his application for disability insurance benefits under 42 U.S.C. § 405(g). An administrative law judge (ALJ) found in 2021 that Kopacz was disabled from April 9, 2016, through September 1, 2018, but not thereafter. Kopacz requested review of the ALJ's decision by the Appeals Council more than three years later, well beyond the 60-day deadline for doing so under the applicable regulations. The Appeals Council dismissed Kopacz's request for review after determining that there was no good cause for the late submission. Thus, the ALJ's partial denial stands as the final decision of the Commissioner.

      On November 27, 2024, Kopacz filed this action moving to reverse the partial denial. Doc. no. 14. The Commissioner moves to affirm, arguing that the Appeals Council committed no error in determining that Kopacz failed to demonstrate good cause for his late appeal. Doc. no. 16. For the reasons discussed below, the court denies Kopacz's motion to reverse and grants the Commissioner's motion to affirm.

---

[1] In May 2025, Frank Bisignano was confirmed as the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), he automatically replaces the nominal defendant, the Commissioner of the Social Security Administration.

Standard of Review

"Section 405(g) . . . provides for judicial review of 'any final decision . . . made after a hearing.'" Smith v. Berryhill, 587 U.S. 471, 478 (2019). Claimants who seek judicial review of the denial of their social security benefits under § 405(g) "must generally proceed through a four-step process." Id. at 475. "First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." Id. at 476. "If a claimant has proceeded through all four steps on the merits, . . . § 405(g) entitles him to judicial review in federal district court." Id.

"A party who seeks Appeals Council review, as relevant here, must file his request within 60 days of receiving the ALJ's ruling, unless he can show 'good cause for missing the deadline.'" Id.; 20 C.F.R. § 404.968. "If a claimant misses the deadline and cannot show good cause, however, the Appeals Council does not deny the request but rather dismisses it." Smith, 578 U.S. at 476. "[D]ismissal by the Appeals Council on timeliness grounds after a claimant has received an ALJ hearing on the merits qualifies as a 'final decision . . . made after a hearing' for purposes of allowing judicial review under § 405(g)." Id. at 478-79.

In considering the Appeals Council's denial of a claimant's request for review, "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." Id. at 488. The appropriate standard of review in such a case is "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" Id. at 487 n.19.

Background

A detailed factual background can be found in the Commissioner's statement of facts (doc. no. 17) and in the administrative record (doc. no. 11).[2] The court provides a brief summary of the relevant facts here.

Kopacz filed an application for disability insurance benefits in May 2018, alleging a disability beginning on April 9, 2016. After the Social Security Administration denied Kopacz's application at the initial level, he requested a hearing in front of an ALJ. The ALJ held a hearing on March 5, 2020. Kopacz, who was represented by an attorney, appeared and testified.

The ALJ determined that he needed additional information to rule on Kopacz's claim, including more medical records and the results of consultative exams. The ALJ held a supplemental telephonic hearing on July 2, 2020. Kopacz again appeared and was represented by counsel, and the ALJ heard testimony from an ophthalmologist, Dr. Michael Gerald Betten.

At the close of the second hearing, the ALJ "concluded based on Dr. Betten's testimony that there was inadequate/lack of field of vision findings in the record to determine a limitation/deficit in this area." Admin. Rec. at 32. The ALJ directed Kopacz to undergo a "consultative exam to evaluate [his] sinus condition and visual fields" in light of "a gap in the medical evidence, the unique allegations in the claim, and the types of impairments." Id.

---

[2] Kopacz did not file a statement of facts with his motion to reverse. But see LR 9.1(c) (the plaintiff's motion to reverse "shall be accompanied by a (1) statement of material facts not to exceed 15 pages; . . ."). Because Kopacz does not address the procedural matter at issue in this case and the court grants the Commissioner's motion to affirm, the court waives Kopacz's noncompliance with the Local Rule and proceeds with the Commissioner's statement of facts and the administrative record.

The ALJ held a second supplemental telephone hearing on July 22, 2021. Kopacz again appeared and was represented by counsel, and the ALJ heard testimony from Dr. Betten, Dr. Amy Budoff, and Yaakov Taitz, an impartial vocational expert.

On August 3, 2021, the ALJ issued a partially favorable decision. He found that Kopacz was disabled from April 9, 2016, through September 1, 2018, but not thereafter.

Kopacz did not request review of the ALJ's decision from the Appeals Council until June 25, 2024, years after the 60-day time limit to file the request.[3] See § 404.968(a)(1). Recognizing that the governing regulations provide that the time to request review will be extended if the claimant "had good cause for missing the deadline," id. at (b), Kopacz attempted to demonstrate in his appeal papers good cause for the delay. He stated that he did not receive the ALJ's decision informing him that he could appeal because his "living situation was transient." Admin. Rec. at 21. He also stated that he told his attorney from the second supplemental hearing to file the appeal and that, when he discovered that his attorney had not done so, he was subsequently unable to obtain the necessary records to file the appeal himself. Id.

In October 2024, the Appeals Council dismissed Kopacz's request for review because it was untimely. The Council determined that there was no good cause to extend the time for Kopacz to file his appeal, noting that Kopacz was able, despite his reported issues, to file a subsequent application for disability insurance benefits on April 22, 2024, more than two months before filing his appeal. The Appeals Council's dismissal of the request for review made the

---

[3] Kopacz's request for review is dated June 25, 2024, but the Appeals Council's decision stated that the "request for review was filed on August 21, 2024." Admin. Rec. at 13. Because the statement of facts provides that Kopacz requested review on June 25, 2024, doc. no. 17, ¶ 3, the court credits the earlier date.

4

ALJ's decision the final decision of the Commissioner for the purpose of judicial review. Smith, 578 U.S. at 478-79. This action followed.

Discussion

Kopacz's complaint (doc. no. 1) and motion to reverse (doc. no. 14) address only the merits of the ALJ's decision and not the Appeals Council's dismissal of his request for review. Moreover, Kopacz did not respond to the Commissioner's motion to affirm (doc. no. 16), which focused entirely on the dismissal. But in "conducting review of the Appeals Council's decision, the [c]ourt is limited to considering whether the Appeals Council's decision that a claimant did not demonstrate good cause for an untimely request for review is arbitrary or capricious, i.e., whether the Appeals Council abused its discretion." Drake v. Comm'r of Soc. Sec., No. 5:14-CV-691-OC-18PRL, 2016 WL 3763225, at *1 (M.D. Fla. June 17, 2016), report and recommendation adopted, No. 5:14-CV-691-OC-18PRL, 2016 WL 3753485 (M.D. Fla. July 13, 2016); Brazell v. Saul, No. 518CV00202OLGRBF, 2021 WL 65486, at *3 (W.D. Tex. Jan. 7, 2021) ("In other words, although Brazell attempts to challenge the substance of the ALJ's unfavorable decision, the sole issue for the Court to determine is whether the Appeals Council reversibly erred in determining that Brazell's untimely request for review should be dismissed."), report and recommendation adopted, No. 5:18-CV-0202-OLG-RBF, 2021 WL 2431337 (W.D. Tex. Feb. 3, 2021). Therefore, the court confines its analysis to that issue notwithstanding Kopacz's failure to address it.

> 20 C.F.R. § 404.911(a) provides:
>
> In determining whether you have shown that you had good cause for missing a deadline to request review [the Appeals Council] consider[s]—

> (1) What circumstances kept you from making the request on time;
>
> (2) Whether our action misled you;
>
> (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and
>
> (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

Kopacz offered various reasons for his failure to file a timely review. For example, he claimed that he did not receive the ALJ's August 3, 2021 decision, which informed him of the process for and limitations period applicable to requesting review from the Appeals Council. Admin. Rec. at 27-29. However, social security regulations define the date that a claimant receives notice as "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. § 404.901.

Here, Kopacz stated in his letter to the Appeals Council that he did not receive notice because of his transient living situation. But the notice was mailed to the same address that Kopacz had indicated on his representative appointment form that he had submitted two weeks prior. See Admin. Rec. at 27-54, 306-309. Further, Kopacz's statement that he did not receive notice of the decision is undercut by his representation that he asked his counsel to request review and assumed that he had done so. Id. at 21. In the end, Kopacz failed to provide any evidence to support his claim that he did not receive the ALJ's decision, and the Appeals Council supportably rejected that assertion. See Ray v. Comm'r of Soc. Sec. Admin., No. 3:19-CV-2259-M-BK, 2020 WL 7265402 (N.D. Tex. Nov. 20, 2020) (finding no abuse of discretion in the Appeals Council's dismissal of a request for review as untimely where the claimant did not "provide[] any support for this claim [that he did not receive the ALJ's decision] beyond his

6

conclusory statement"), report and recommendation adopted, No. 3:19-CV-2259-M-BK, 2020 WL 7260748 (N.D. Tex. Dec. 10, 2020); McIntosh v. Comm'r of Soc. Sec., No. 19-CV-5362 (MKB), 2021 WL 826252, at *4 (E.D.N.Y. Mar. 4, 2021) (holding that the Appeals Council did not abuse its discretion in determining that the claimant had failed to show good cause for his late request for review when the claimant's assertion that he had not received notice of the ALJ's decision was not supported by any evidence and the post office had not returned the decision as undeliverable).

Kopacz raised other reasons that he claims demonstrate good cause, including that he was in a deep depression that prevented him from communicating and that he was unable to get records from his case. But "[i]t is the claimant's burden to show good cause, a burden which the claimant may fail to meet if he does not present any corroborating documentation regarding his untimely filing." Michelle B. v. Comm'r of Soc. Sec., No. 20-CV-861-FPG, 2022 WL 426579, at *2 (W.D.N.Y. Feb. 11, 2022) (cleaned up); Steven Michael F. v. Dudek, No. CV 24 CIV. 1820 (RFT), 2025 WL 605574, at *4 (S.D.N.Y. Feb. 25, 2025) ("Ultimately, it is a plaintiff's burden to demonstrate good cause for failure to timely file, and Plaintiff here has not come forward with evidence or even specific arguments about his situation (as opposed to generalities about chronic pain and depression)."). Here, Kopacz did not offer any evidence to support his assertions of good cause, and the Appeals Council noted that Kopacz was able to file a subsequent application for benefits months before he requested review of the ALJ's decision.

The "Commissioner's regulations provide the Appeals Council with considerable discretion in determining whether a claimant . . . has presented good cause for an extension." Armond v. Soc. Sec. Admin., No. CV 24-385, 2024 WL 5324365, at *5 (E.D. La. Dec. 5, 2024), report and recommendation adopted, No. CV 24-385, 2025 WL 92353 (E.D. La. Jan. 14, 2025);

7

Brazell, 2021 WL 65486, at *5 ("The scope of this Court's review is very limited. It cannot put itself in the decision maker's place. It cannot conclude that the Appeals Council abused its discretion just because the Court might have ruled differently on the same set of facts."). The Appeals Council did not abuse its discretion in this case.

## Conclusion

For the foregoing reasons, the Commissioner's motion to affirm (doc. no. 16) is granted. Kopacz's motion to reverse (doc. no. 14) is denied. The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

March 9, 2026

cc: Michael Merrill Kopacz, pro se
    Counsel of Record